RICE et v. DANVILLE (Vil.)

Ohio Appeals, 5th Dist., Knox Co.

No. 275. Decided Oct. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL—Municipal Corporations (360)**
(590 Jh) Judgment based upon ordinance, which was repealed before entry of judgment was filed or journalized in trial court, is void and of no effect.

F. O. Levering, Mt. Vernon, for Rice.

H. W. Koons, Mt. Vernon, for Danville.

HISTORY:—Action in Common Pleas by Rice to enjoin collection of assessments. Judgment for defendant. Heard on appeal. Judgment set aside and held for naught. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

The suit is one to enjoin the collection of assessments levied on the properties of plaintiffs for certain street improvement in the Village of Danville, Ohio. Judgment was entered against the plaintiffs and they prosecute this appeal. The cause was submitted to this court on the pleadings and an agreed statement of facts, which includes a supplementary petition on the part of plaintiffs, filed in this court. Under the pleadings and the agreed facts the assessing ordinance upon which the judgment of the Common Pleas Court in this case is based was repealed before the entry of the judgment was filed or journalized in the lower court, and appellants now ask for a judgment in their favor setting aside and holding for naught said judgment. Defendants concede here that at the time of the filing and journalizing of the entry of judgment in the Common Pleas Court that the foundation—the subject matter or the predicate of the judgment, to-wit, the village ordinance, had been repealed.

HOUCK, J.

As we view the case, the judgment is void and of no effect, as there is nothing in fact or law upon which said alleged judgment can stand, since the repealing of the ordinance in question. Courts speak through their journals, and when the questioned judgment was journalized it concerned the determination of an issue that at that time did not exist. Hence, the so-called judgment is void and of no binding effect as to the parties thereto.

The following cases, while not directly in

point, throw some light upon the question before us:

Coe v. Erb et al, 59 O. S., 259.
Ind. Co. v. Mussolli, 102 O. S. 10.
Cox v. Cox, 108 O. S., 474.
Rubber Co. v. Realty Co., 109 O. S., 294.
In Re Fenwick, 110 O. S., 357.

The finding of this court is that the judgment be and is hereby set aside and held for naught. Costs taxed against the defendants. (Shields, J., and Lemert, J., concur.)